Joseph Sharlet and Philip Sharlet, Respondents, *v.* The Hanover Fire Insurance Company, Appellant.

Third Department, May 2, 1917.

Insurance — action on fire insurance policy — defense — fraud — discrepancy between itemized statement of loss and plaintiffs' inventory and sales book — verdict not against weight of evidence — instructions — question as to amount of recovery.

In an action to recover upon a standard fire insurance policy issued by the defendant, the defense of fraud was interposed and it was claimed that the itemized statement of the goods damaged and destroyed by the fire did not harmonize with the plaintiffs' inventory and sales book, nor with the inventory made by the defendant, but the evidence showed practically as many and as far-reaching errors against the plaintiffs' interests as against those of the defendant.

*Held*, that with the presumption in favor of honest and fair dealing, it cannot be said that the verdict in favor of the plaintiffs is against the weight of the evidence.

As the plaintiffs sued to recover only the defendant's portion of the total insurance, defendant's request that the jury be asked to determine the total amount of the loss, does not raise the question of amount of recovery, especially since there was no exception directly to the charge of the court that if the defense of fraud was not established the plaintiffs were entitled to the full amount of the policy.

Appeal by the defendant, The Hanover Fire Insurance Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county

of Rensselaer on the 23d day of December, 1915, upon the verdict of a jury, and also from an order entered in said clerk's office on the 28th day of December, 1915, denying defendant's motion for a new trial made upon the minutes.

*Ainsworth, Carlisle & Sullivan* [*John N. Carlisle* of counsel], for the appellant.

*Akin & Keenan* [*Clarence E. Akin* of counsel], for the respondents.

Woodward, J.:

This action was brought to recover upon a standard fire insurance policy issued by the defendant. The defense interposed was fraud, and this was the issue tried and determined by the jury. It was claimed by the insurance company that the itemized statement of the goods damaged and destroyed by the fire, which occurred in the plaintiffs' clothing store in Troy, on the 8th day of February, 1915, did not harmonize with the plaintiffs' inventory and sales book, and that it did not correspond with the inventory made by the defendant, and it was claimed that this demonstrated such a fraud as to vitiate the contract of insurance. The jury returned a verdict in favor of the plaintiffs, and the defendant appeals from the judgment and from the order denying a motion for a new trial.

It is not to be doubted that the defendant produced evidence which the jury might have found to indicate fraud, but it is equally true that the plaintiffs furnished evidence which, if believed, warranted the conclusion that the transaction was free from fraud, and that the established discrepancies were due to honest errors. Indeed, the evidence showed practically as many and as far-reaching errors against the plaintiffs' interests as against those of the defendant, and, with the presumption in favor of honest and fair dealing, it cannot be said that the verdict of the jury is against the weight of evidence.

The case was submitted to the jury upon a charge to which there was no exception. After the charge was completed, counsel for the defendant made the suggestion that the jury ought to find a verdict as to the total amount of the loss,

and the court responded that while this was not really involved in the case, if counsel agreed, he would submit this question. There was objection on the part of the plaintiffs and the court refused to submit the question, and defendant took an exception. The plaintiffs sued this defendant to recover the sum of $800, this being the defendant's portion of a total insurance of something over $4,000, and the defendant's request was understood to be that the jury should be asked to determine the total amount of the loss, rather than confine itself to the question of the $800 involved in the policy on which this action was brought. This, of course, was not the issue, and there was no exception directly to the charge of the court that if the defense of fraud was not established the plaintiffs were entitled to the full amount of the policy. We think this question of amount is not raised by this exception, and it is reasonably certain, if the plaintiffs were acting in good faith, that the evidence fairly warranted a recovery for the full amount of the policy.

The judgment and order appealed from should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.